**LENARD E. SCHWARTZER**
2850 S. Jones Blvd. Suite 1
Las Vegas, NV 89146-8308
(702) 307-2022

TRUSTEE

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S 12-23294 LBR |
| JASON B. HOLZER, | IN CHAPTER 7 PROCEEDINGS |
| Debtor(s) | MOTION TO COMPEL TURNOVER;<br>REQUEST FOR SANCTIONS |
| | Date:   May 16, 2013<br>Time:   11:00 a.m.<br>Place:   Foley Federal Bldg., Third Floor |

## MOTION TO COMPEL TURNOVER OF TAX RETURN AND REQUEST FOR

## SANCTIONS

Lenard E. Schwartzer, the duly appointed Chapter 7 Trustee in the above referenced proceeding, hereby moves this court for an order compelling the turnover of a copy of the Debtor(s)' 2012 federal income tax return (the "tax return") and for sanctions of $250.

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the papers on file herein and any oral argument that the Court may entertain at the time of any hearing on this motion.

### POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

1.     This case was commenced by the filing of a Chapter 7 petition on 11/30/12.

2.     Prior years' federal tax returns and other information provided by the Debtor(s) revealed

1

the likelihood that the Debtor(s) will receive a refund for the year in which the Debtor(s) filed the Chapter 7 petition. At the §341a meeting, the Trustee notified the Debtor(s) that a copy of the 2012 tax return must be provided to the Trustee and that the refund must be turned over.

3.    The Debtor(s) was notified again that a copy of the return was to be turned over to the Trustee by letter dated January 9, 2013, a copy of which is attached hereto, marked Exhibit "1" and incorporated herein by reference.

4.    The Debtor(s) has failed to cooperate with the Trustee by failing to provide the Trustee with a copy of the return as required by 11 U.S.C. §521.

5.    Either all or a portion of any 2012 tax refund constitutes property of the estate pursuant to 11 U.S.C. §541.

6.    The Trustee now moves this Court for an order compelling turnover of the 2012 tax return and for sanctions of $250.

LEGAL ARGUMENT

As set forth above, the Trustee directed the Debtor(s) to turnover a copy of the 2012 tax return. The Debtor(s) has failed to cooperate with the Trustee in the administration of the estate pursuant to 11 U.S.C. §521 in that the Debtor(s) has not turned over a copy of the return.

Pursuant to 11 U.S.C. §521(a)(3), if a trustee is serving, it is the duty of debtors to cooperate with the Trustee as necessary to enable the trustee to perform the trustee's duties under this title.

§521 Debtor's duties

(a) The debtor shall

(3) if a trustee is serving in the case or an auditor serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

Pursuant to *In re Paige, 365 B.R. 632, 638-9 (Bankr.N.D. Tex 2007),* a trustee may request sanctions if a debtor has failed to cooperate with the trustee, and the trustee is obligated to expend estate resources in pursuing the debtor's cooperation.

"A debtor may be sanctioned for failing to cooperate with the trustee, an obligation that encompasses surrender of estate assets, as required under the Bankruptcy Code. *In re Cochener, 360 B.R. 542 (Bankr.S.D.Tex.2007)* (The debtor and the debtor's

2

son were sanctioned for failing to appear at the 341 meeting, refusing to cooperate with the trustee, and for allowing estate property to be damaged resulting in extensive losses to its value.).  As the bankruptcy court said in *In re Stinson, 269 B.R. 172 (Bankr.S.D.Ohio 2001),*

(a) chapter 7 debtor has an affirmative duty to cooperate with the case trustee in the administration of the bankruptcy estate.  This includes a duty to surrender to the trustee all property of the estate....  Where a debtor fails to cooperate with the case trustee, the trustee is then forced to expend estate resources in pursuing the debtor's cooperation, which results in the reduction of the distribution to creditors."

*In re Paige, 365 B.R. 632, 638-9 (Bankr.N.D. Tex 2007)*

CONCLUSION

Movant respectfully request this Court enter an Order compelling Debtor(s) to turnover to the trustee copies of Debtor(s)' 2012 tax return, within ten (10) days from serving the notice of entry of the order; and for a sanction of $250 for failure to cooperate.

Pursuant to Local Rule 9021, a copy of the proposed order is attached hereto, marked Exhibit A.

Dated: April 16, 2013

LENARD E. SCHWARTZER, Trustee

**DECLARATION OF TRUSTEE**

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: April 16, 2013

LENARD E. SCHWARTZER, Trustee

3

## LENARD E. SCHWARTZER, TRUSTEE

2850 S. Jones Blvd, Suite 1
Las Vegas, Nevada 89146-8308
Off (702) 307-2022   Fax (702) 974-0976

January 9, 2013

JASON HOLZER
913 WILLOW TREE DR., UNIT B
LAS VEGAS, NV 89128

Re:  BK 12-23294  LBR

Dear Debtor(s):

I am the Trustee appointed in your bankruptcy case. You are required to provide me with a copy of your 2012 income tax return and turnover to me your 2012 income tax refund. Pursuant to Bankruptcy Code §521 you are required to cooperate with me.

Please provide me with a copy of your 2012 income tax return within ten days from the date you file it with the Internal Revenue Service, but no later than April 25, 2013. If you receive a refund, you are required to turnover your refund to me.

Please write your bankruptcy case number on your income tax return, and mail a copy of your return to my office. Upon receipt of your refund check, do not endorse it, just write your bankruptcy number on the refund check, and mail it to my office immediately. If you have your refund deposited in your bank account, you must send me your personal check for the amount of the income tax refund.

If I have not received a copy of your 2012 income tax return or a copy of a request for an extension of time to file your tax return by April 25, 2013, I will apply for an order from the Bankruptcy Court compelling turnover, and for a $250 sanction. Please note that if you do not turnover your refund check, I will request that the Bankruptcy Court grant a judgment against you for the non-exempt portion of the refund plus a $250 sanction and I will request the Office of the U.S. Trustee to revoke your discharge.

If the Internal Revenue Service notifies you that it will not be sending you the refund shown on your income tax return, you should send me a copy of that letter.

Thank you for your cooperation.

Very truly yours,

*Lenard E. Schwartzer*
LENARD E. SCHWARTZER
Trustee

cc:
JUDAH ZAKALIK
ZAKALIK & ASSOCIATES
4230 S DECATUR BLVD #200
LAS VEGAS, NV   89103

*Exhibit "1"*

**LENARD E. SCHWARTZER**
2850 S. Jones Blvd. Suite 1
Las Vegas, NV 89146-8308
(702) 307-2022
TRUSTEE

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re                                                    )        Case No. BK-S 12-23294 LBR
                                                         )
JASON B. HOLZER,                                         )        IN CHAPTER 7 PROCEEDINGS
                                                         )
                                                         )        **ORDER**: GRANTING MOTION TO
                                                         )        COMPEL TURNOVER
                                                         )
                    Debtor(s)                            )
                                                         )        Date:   May 16, 2013
                                                         )        Time:   11:00 a.m.
                                                         )        Place:  Foley Federal Bldg., Third Floor

The Trustee's Motion to Compel Turnover came on regularly for hearing before a United

States Bankruptcy Judge on May 16, 2013. Appearing at the hearing was the Trustee representing

himself, and there were no other appearances. No opposition having been filed and good cause

appearing therefor,

**IT IS HEREBY ORDERED** that Debtor(s) is ordered

    1.    to turnover to the Trustee a copy of Debtor(s)' 2012 U.S. Individual Income Tax

Return the later of

        (a) within ten days of entry of this order, or

1

*Exhibit "A"*

(b) within ten days from the filing of the tax return or, alternatively,

2.    to deliver to the Trustee an affidavit stating the reason that the tax return has not been filed within ten days of the entry of this order.

3.    Pay to the Trustee $250 within ten days of entry of this order.

Submitted by:

_____
LENARD E. SCHWARTZER
Trustee

## ALTERNATIVE METHOD re RULE 9021:

In accordance with Local Rule 9021, the Trustee submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____The Court waived the requirement set forth in LR9021(b)(1).

_____No parties appeared at the hearing or filed an objection to the motion.

_____I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
LENARD E. SCHWARTZER
Trustee

###

2